UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON DELANO,<br><br>    Defendant. | Case No. 1:23-cv-00139-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**21-DAY DEADLINE** |

Plaintiff Bruce Creamer is a state prisoner proceeding *pro se* in this civil rights action.

**INTRODUCTION**

Plaintiff filed his complaint with this Court on January 30, 2023. (Doc. 1.) A brief review of the complaint reveals the incident giving rise to Plaintiff's claims occurred on January 20, 2023. (*Id.* at 2-4.)

**DISCUSSION AND ORDER**

In his complaint, Plaintiff indicates that "has exhausted his administrative remedies with respect to all claims and all defendants." (*See* Doc. 1 at 4.) Nevertheless, given the date of the subject incident, the Court is skeptical of Plaintiff's assertion. It is unlikely, if not impossible, that Plaintiff exhausted his administrative remedies between January 20, 2023—the date of the incident—and January 22, 2023, the date he signed his complaint.

//

1  The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

*Remainder of This Page Intentionally Left Blank*

Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit, despite his assertion otherwise. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal.

**Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **February 1, 2023**

UNITED STATES MAGISTRATE JUDGE