UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON DELANO,<br><br>        Defendant. | Case No. 1:23-cv-00139-CDB (PC)<br><br>**ORDER DISCHARING ORDER TO SHOW CAUSE**<br><br>(Docs. 4 & 5) |

Plaintiff Bruce Creamer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**I.      INTRODUCTION**

On February 1, 2023, this Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed For Failure To Exhaust Administrative Remedies. (Doc. 4.) Specifically, the Court asked Plaintiff to show cause in writing why he had failed to exhaust his administrative remedies prior to filing suit as appeared clear on the face of his complaint. (*Id*. at 3.)

On February 13, 2023, Plaintiff filed a document titled "Motion To Order To Show Cause Why Action Should Not Be Dismissed For Failure to Exhaust Administrative Remedies." (Doc. 5.) The Court construes Plaintiff's filing to be a written response to the OSC despite the use of the word "motion" in its title.

**II.     DISCUSSION**

In his response, Plaintiff cites to three out-of-Circuit cases finding the grievance process at issue in those cases unavailable to the plaintiff, thereby excusing a failure to exhaust administrative remedies. (Doc. 5.) Liberally construing this *pro se* filing, although not expressly stated, the Court understands Plaintiff to contend his failure to exhaust administrative remedies prior to filing suit is due to interference by prison officials with his efforts to complete the exhaustion process, thus making the exhaustion of administrative remedies unavailable to Plaintiff.

As previously stated in the OSC, the failure to exhaust is an affirmative defense that is available to and which the defendant may assert. *Jones v. Bock*, 549 U.S. 199, 216 (2007). (*See* Doc. 4 at 2.) To be clear, at this point, the Court expresses no view as to Plaintiff's access and recourse to administrative remedies; it merely is accepting Plaintiff's assertion at this stage of the proceedings. Defendants may assert the affirmative defense of a failure to exhaust in the future, should Defendants appear in this action following screening of Plaintiff's complaint. Accordingly, Plaintiff is advised that the exhaustion issue may arise again should Defendants elect to challenge Plaintiff's exhaustion of administrative remedies by way of a motion to dismiss or motion for summary judgment at some later date.

**III.    CONCLUSION AND ORDER**

for the foregoing reasons, the OSC issued February 1, 2023, is hereby **DISCHARGED**. Plaintiff is advised that his complaint will be screened in due course as required by 28 U.S.C. § 1915A(a).

IT IS SO ORDERED.

Dated:   **February 15, 2023**                                   _____
                                                                                 UNITED STATES MAGISTRATE JUDGE