UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA STATE PRISON DELANO,<br><br>            Defendant. | Case No. 1:23-cv-00139-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>(Doc. 13) |

Plaintiff Bruce Creamer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case brought pursuant to 42 U.S.C. § 1983.

**I.  INTRODUCTION**

Plaintiff initiated this action with the filing of his original complaint on January 30, 2023. (Doc. 1.)

On February 24, 2023, Plaintiff filed a document titled "Motion to Amend Complaint to Add Defendant Name and Address More Rights and Title 15 Violation." (Doc. 13.)

**II.  DISCUSSION**

*Plaintiff's Motion*

Plaintiff seeks to add "Officer J. McIntosh" as a defendant in this action. (Doc. 13 at 1.) Second, Plaintiff cites to "Title 15" of the California Code of Regulations section 3043.6, concerning "extraordinary conduct credit." (*Id*.) Plaintiff does not further explain this reference.

Third, Plaintiff states that on February 18, 2023, he was "again called to podium to take Covid testing." (*Id.*) Plaintiff states he was threatened by "inmates with bodily injury" if he refused to test. (*Id.*) Plaintiff indicates he agreed to "test against [his] will and according to Title 15 Code of Regulations." (*Id.* at 1-2.) Plaintiff thereafter provides a list of what are perhaps page numbers from an unidentified source. (*Id.* at 2.) He then lists the following:

1. The Constitution require to provide safety from assault
2. Failing to act reasonable in response to danger
3. Knowledge and disregard in inmate health and safety
4. Official was aware of facts
5. Factual knowledge of risk
6. There was evidence that a risk was obvious
7. Poses a substantial risk of serious harm
8. Did not respond reasonable to the risk
9. Refusing to place in protection
10. [Illegible] place in a situation of danger
11. Officials failure to follow own rules
12. Actively permit or [illegible] it
13. Obvious victim

(*Id.* at 2.) Plaintiff provides a postscript that reads: "Also the Lt who is investigating the beating 'I asked him 'I wanted to file a grievance' he said 'I couldn't file a grievance yet' again estoppe grievance procedure for PLRA." (*Id.*)

### *Legal Standards Concerning Amendment*

Leave to amend a pleading "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities…. Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979

(9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

### *Analysis*

Plaintiff's original complaint has not yet been screened by the Court. *See* 28 U.S.C. § 1915A(a). Following review of Plaintiff's motion, the Court finds granting leave to amend would not prejudice the opposing party. *AmerisourceBergen Corp.*, 465 F.3d at 951. The Court also finds that leave is not sought in bad faith nor would it produce an undue delay in this litigation. *Id*. Finally, the Court cannot find, at least at this point, that granting leave to amend would be futile. *Id*.

Plaintiff is advised that his motion does *not* operate to amend or supplement his original complaint. Rather, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, Plaintiff will be given the opportunity to file a first amended complaint as it appears he wishes to add a defendant and an additional claim or claims.[1]

Plaintiff is further cautioned to ensure any amended complaint complies with Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides a plaintiff may not join unrelated claims against multiple defendants in a single action. A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

//

//

---

[1] Although Plaintiff failed to file a proposed amended complaint with his motion pursuant to Local Rule 137(c), the Court will nevertheless grant him leave to amend, given his *pro se* status and Rule 15's policy of "facilitat[ing] decision on the merits, rather than on . . . technicalities." *Webb*, 655 F.2d at 979.

### III.   CONCLUSION AND ORDER

Accordingly, Plaintiff is **GRANTED** leave to file a first amended complaint. The first amended complaint must be complete in and of itself. Plaintiff **SHALL** file his first amended complaint **no later than 30 days from the date of service of this order**. Should Plaintiff fail to file a first amended complaint, the Court will screen his original complaint in due course.

IT IS SO ORDERED.

Dated:   **March 8, 2023**                                     _____
                                                                                    UNITED STATES MAGISTRATE JUDGE