UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON DELANO,<br><br>        Defendant. | Case No. 1:23-cv-00139-ADA-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

Plaintiff Bruce Creamer is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on January 30, 2023. (Doc. 1.)

On February 1, 2023, the Court issued its Order To Show Cause ("OSC") Why Action Should Not Be Dismissed For Failure To Exhaust Administrative Remedies. (Doc. 4.)

Plaintiff responded to the Court's OSC on February 13, 2023, asserting his administrative remedies were effectively unavailable (Doc. 5); the Court discharged the OSC on February 15, 2023 (Doc. 12).

On February 24, 2023, Plaintiff filed a document titled "Motion to Admend [sic] Complaint to Add Defendant Name and Address More Rights and Title 15 Violation." (Doc. 13.)

//

On March 8, 2023, the Court issued its Order Granting Plaintiff Leave To File A First Amended Complaint. (Doc. 14.) Specifically, Plaintiff was granted leave to file a first amended complaint within 30 days of the date of service of the order. (*Id.* at 4.) Further, Plaintiff was advised that should he fail to file a first amended complaint, the Court would screen his original complaint in due course. (*Id.*) Plaintiff did not file an amended complaint.

In its First Screening Order issued June 22, 2023, the Court found Plaintiff's complaint failed to state a claim upon which relief could be granted. (Doc. 15.) Plaintiff was granted leave to amend his complaint to cure the deficiencies identified therein and was directed to file a first amended complaint, or, alternatively, a notice of voluntary dismissal, within 21 days. (*Id.* at 17.)

On July 17, 2023, the United States Postal Service returned the previously served screening order to the Court marked "Undeliverable, Inactive." (*See* Docket Entry dated 7/17/2023.)

## II. DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to Local Rule 183(b), Plaintiff's address change was due no later than September 19, 2023. It has been 63 days since the last mail directed to Plaintiff was returned to the Court marked as undeliverable. Plaintiff has failed to file a change of address and has not otherwise been in contact with the Court. Therefore, Plaintiff has failed to comply with this Court's Local Rules and has failed to prosecute this action.

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41. (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Plaintiff's failure to file a notice of change of address after July 17, 2023, weighs in favor of dismissal. The Court notes a search of the California Department of Corrections and Rehabilitation ("CDCR")'s Inmate Locator/Public Inmate Locator System reveals Plaintiff is no longer incarcerated in Delano, California, or at any other CDCR prison facility. (*See* https://inmatelocator.cdcr.ca.gov/Results.aspx, last accessed 9/20/2023.) Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *In re PPA,* 460 F.3d at 1227.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for nearly nine months. Without a current address for Plaintiff, unreasonable delays are inevitable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

1    F.3d at 1228.  Plaintiff has not moved this case forward toward disposition on the merits. He has
2    instead stopped communicating with the Court altogether. Thus, Plaintiff is impeding the progress
3    of this action. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at
4    1440-41.
5          Finally, the Court's warning to a party that failure to obey the court's order will result in
6    dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963
7    F.2d 1258, 1262 (9th Cir. 1992). In this Court's First Informational Order In Prisoner/Civil
8    Detainee Civil Rights Case, issued January 31, 2023, Plaintiff was warned that a "pro se plaintiff
9    must keep the Court and opposing parties informed of the party's correct current address," citing
10   Local Rule 182(f). (*See* Doc. 2 at 5.) The Order further warned that if "a pro se plaintiff's address
11   is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will
12   be dismissed for failure to prosecute," citing to Local Rule 183(b). (*Id*.) And, more generally, that
13   same Order warned as follows: "In litigating this action, the parties must comply with this Order,
14   the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States
15   District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure
16   to so comply will be grounds for imposition of sanctions which may include dismissal of case.
17   Local Rule 110; Fed. R. Civ. P. 41(b)." (*Id*. at 1.) Thus, the undersigned finds Plaintiff had
18   adequate warning that dismissal could result from his noncompliance with a Court order and this
19   Court's Local Rules. In sum, the fifth factor weighs in favor of dismissal. *Ferdick*, 963 F.2d at
20   1262; *Carey*, 856 F.2d at 1440-41.
21         In sum, because Plaintiff has failed to comply with this Court's Local Rules and the
22   Court's orders, and in so doing is failing to prosecute his case, the Court will recommend
23   dismissal of this action.
24         **III.**    **CONCLUSION AND RECOMMENDATION**
25         The Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice,
26   based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his
27   current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).
28         These Findings and Recommendations will be submitted to the district judge assigned to

1  this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these
2  Findings and Recommendations, a party may file written objections with the Court. The
3  document should be captioned, "Objections to Magistrate Judge's Findings and
4  Recommendations." Failure to file objections within the specified time may result in waiver of
5  rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*
6  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
7  IT IS SO ORDERED.
8     Dated:   **September 20, 2023**                    _____
9                                                                      UNITED STATES MAGISTRATE JUDGE